S----, a solicitor of this court, presented to one of the vice-chancellors, a bill of complaint and affidavits and obtained an order to show cause which duly came on for hearing a week later before another vice-chancellor, who advised an order for restraint pendente lite. Within a day or two thereafter the court learned from the clerk in chancery that the bill had been kept from the files, pursuant to chancery rule 172, because the solicitor had not paid the filing fees due in respect thereof.
It is, of course, well known to the bench and bar, that the common practice is for solicitors to keep a deposit with the *Page 187 
clerk, against which are charged the fees due from them as they are from time to time incurred. Investigation in the clerk's office disclosed that the account of this solicitor had been slightly overdrawn for some little time before the presentation of the bill in question, and that notices had been sent by the clerk to the solicitor to this effect.
Similar instances having occurred so frequently in recent times, and with such resulting trouble, inconvenience and loss of time both to the court and to opposing solicitors and the parties as well, it was considered necessary to institute contempt proceedings, in order that these abuses be terminated. It appeared moreover, prima facie, that the instant case was rather flagrant, because the clerk's records showed that a check from the solicitor, applied to his account, had been returned unpaid by the bank on which it was drawn.
The provisions of rule 165A — that pleadings and other papers presented to one of the judicial officers of this court shall be by him marked filed, and forwarded to the clerk — of course do not conflict with the requirement of rule 172 — that the clerk shall not enter or suffer any paper to be filed in his office until the solicitor shall have paid the filing fees therefor. The two are to be read together.
A solicitor has no more right to present papers to the court for filing, without having sufficient filing fees on deposit with the clerk, than he would have to present them to the clerk for filing. Nor is it to be required of the court that before receiving papers presented by a solicitor and entertaining application in respect thereto the court shall inquire of the solicitor whether his account with the clerk is sufficient to cover the filing fees. It is the duty of the solicitor to see to it that his account is sufficient; and it is a breach of the duty which the solicitor owes to the court for him to present papers to the court when his account is overdrawn.
There can be no doubt but that the presentation of papers to the court, by a solicitor who knows that his account with the clerk is overdrawn — at least, without apprising the court of that fact — constitutes a contempt of court. If the solicitor informed the court that his account is overdrawn, the court *Page 188 
might require him to first make the account good, or deposit sufficient filing fees with the sergeant-at-arms, or take such other course with regard thereto as might be deemed advisable. But the presentation of papers, in such a case, without disclosure by the solicitor, is tantamount to a representation by the solicitor that his account with the clerk is sufficient; and if such implied representation to the court be untrue, the solicitor is guilty of a false representation to the court, and as well also of imposition upon the court by taking the time of the court and procuring action by the court, all to no purpose. In such case the court's order is vain and futile — made in a cause not pending in the court; for a cause is not pending in the court if there be no pleadings filed therein. This is, of course, not controverted by the defendant.
In the instant case the defense is on the facts — and we are glad to say that it is amply sufficient. The explanation of the apparent dereliction of the solicitor lies in part in the unexpected debit of his account with a charge for enrollment fee in a case completed several years ago, and in part in an error of his bank (in which his account was far more than sufficient to cover the check sent to the clerk).
Mention should be made, however, as to one point which was discussed at the hearing — namely the effect of the receipt, at the solicitor's office, of notice from the clerk of overdraft of account. In the instant case the notice was received by the solicitor's clerk, who (with commendable efficiency) wrote back to the clerk for an explanation of what appeared to be — and in fact proved to be — an error on the part of the clerk, but unfortunately did not show the notice to the solicitor or inform him thereof; so that in actual fact, he did not have actual, personal knowledge even of the clerk's statement that his account was overdrawn, when he made the application to the court.
It is obvious that these facts could not have been deemed a sufficient defense — although they might be considered in mitigation. Notice duly received at the solicitor's office, whether by the solicitor himself or any other person employed by him therefor, is notice to him. Compare rule 42, as to the *Page 189 
service of papers; and the provisions by which service of subpoena may be made on a member of the family. The solicitor in such case must be held chargeable with actual notice and knowledge. It is his duty to see to it that all such matters be in fact brought to his attention. To hold otherwise would be to open a door which could too easily be used by the unscrupulous or negligent.
Moreover, it seems equally obvious that, if and when a solicitor receives notice from the clerk that his account is overdrawn, he must at his peril send on remittance even if he believes the clerk in error. The error, if error there be, can be straightened out later. If remittance be not sent, and there has been no error, the solicitor runs the risk of committing contempt in the particulars herein discussed.
The order to show cause will be dismissed.